CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 30 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES BROOKS, DONALD HAMLETTE, and SAMUEL ST. JOHN,<br>                                                    *Plaintiffs*,<br><br>v.<br><br>HOWARD R. ARTHUR, SR., in his individual capacity, and RANDAL W. MITCHELL,<br>                                                  *Defendants*. | CASE NO. 6:08-cv-00028<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendants' Motion to Dismiss Complaint of Samuel L. St. John, Deceased, filed on February 25, 2011 (docket no. 56). No response has been made, and the time for filing a response has expired. For the reasons stated in this memorandum opinion, the motion to dismiss will be denied.

On September 2, 2008, Plaintiffs James Brooks, Donald Hamlette, and Samuel L. St. John, all former employees of the Virginia Department of Corrections' Rustburg Correctional Unit in Rustburg, Virginia, brought suit against their former supervisors at the Rustburg Unit, Defendants Howard R. Arthur, Sr. and Randal W. Mitchell, for alleged acts of retaliation in violation of 42 U.S.C. § 1983. Defendants moved to dismiss the complaints. Plaintiff St. John died on February 6, 2009, and a Suggestion of Death was filed by Defendants on March 5, 2009 (docket no. 25). On March 10, 2009, the Court granted Defendants' motion to dismiss each plaintiff's case without prejudice, and directed that amended complaints be filed on or before March 16. On March 16, a First Amended Complaint was filed by St. John's former counsel on St. John's behalf (docket no. 33), in which counsel acknowledged St. John's death and stated that substitution papers with

respect to St. John's legal representative for purposes of this case would be filed shortly. No motion for substitution was made. To the parties' knowledge, no personal legal representative has been named.

On appeal to the United States Court of Appeals for the Fourth Circuit, the Fourth Circuit directed the district court to "consider on remand whether to dismiss St. John's complaint under Rule 25(a)(1)." *Brooks v. Arthur*, 626 F.3d 194, 196 n.1 (4th Cir. 2010). Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In order to commence the running of the ninety-day period, the suggesting party must personally serve the suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir. 1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired."). The successors or representatives of the decedent are "those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims." *Id.* at 962; *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) ("[A]n obviously interested non-party . . . must be served for the 90-day clock to start running."); *Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*, 616 F.3d 778, 784-85 (8th Cir. 2010) ("[U]nder certain circumstances, a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate

estate which need not be probated.") (citations omitted). Service of the suggestion of death on the decedent's attorney alone is inadequate. *Fariss*, 769 F.2d at 962.

Under Rule 4(e) of the Federal Rules of Civil Procedure, service may be properly accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by any manner that complies with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Virginia law provides for several alternative methods of serving a summons and complaint, including substituted service, posted service, and service by publication if service cannot otherwise be accomplished. *See* VA. CODE ANN. § 8.01-296.

In general, the suggesting party has the burden to make personal service on the decedent's successors or representatives, although the Fourth Circuit has acknowledged that in some instances, it may prove difficult to determine whom to serve. *See Fariss*, 769 F.2d at 962; *see also* 6-25 MOORE'S FEDERAL PRACTICE – CIVIL § 25.13[2][b] (3d ed. 1997) ("The requirement that non-party representatives or successors be personally served raises a difficult question when the party attempting to serve the statement noting the death is not in a position to know who the non-parties are, or when no representative has been appointed.").

According to Defendants, the published report of St. John's death indicated that he was survived by a son, his parents, and three siblings. Defendants recently attempted to contact St. John's mother at the address provided in the death announcement, but the letter was returned to sender. It does not appear that Defendants made any effort to contact St. John's surviving son or other members of his family, aside from his mother, despite the fact that counsel for Plaintiffs has

made contact with St. John's family members.[1] Defendants have provided the Court with no information about the distribution of St. John's will or the status of his estate.

Although I acknowledge that it may ultimately prove difficult to effectuate service upon the successors or representatives of St. John, Defendants have not demonstrated to this Court's satisfaction that they have made a serious and diligent effort to locate and serve the successors or representatives of the decedent sufficient to meet their burden under *Fariss*. Therefore, the ninety-day period under Rule 25(a)(1) has not yet commenced, and the motion to dismiss will be denied. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

It is so ORDERED.

Entered this 30th day of March, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] If counsel for Plaintiffs is unwilling to provide Defendants with relevant information already in counsel's possession about St. John's surviving family or estate, Defendants are free to move this Court for an order requiring Plaintiffs' assistance.